IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-919-SMY-SCW |
| | ) |
| ILLINOIS CENTRAL RAILROAD COMPANY, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Illinois Central Railroad Company's motion to transfer venue pursuant to 28 U.S.C. §1404(a) (Doc. 14). Plaintiff Kevin Grant filed a response in opposition to Defendant's motion (Doc. 19) and with leave from the Court, Defendant filed a reply (Doc. 22). Defendant contends that for the convenience of the parties and witnesses, and in the interest of justice, this case should be transferred to the United States District Court for the Central District of Illinois. For the following reasons, Defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiff file this action on August 16, 2016 pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. (Doc. 1). Plaintiff worked as a conductor for Defendant and claims that on November 11, 2015, he was injured while attempting to uncouple Defendant's caboose, which was equipped with an allegedly defective pin lifter, coupler and coupling mechanisms. Plaintiff claims that as a result, he suffered neck, back, spine and shoulder injuries.

Defendant now seeks to transfer this case to the United States District Court for the Central District of Illinois, noting that the incident occurred in the central district, that Plaintiff,

Defendant, all occurrence witnesses and a number of the medical providers all reside in the central district and that no known witnesses reside in the Southern District of Illinois. Defendant also asserts that the interest of justice warrants transfer.

## DISCUSSION

Under 28 U.S.C. §1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In requesting a transfer pursuant to §1404(a), the movant bears the burden of showing that "the transferee forum is clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220 (7th Cir. 1986).

When assessing the convenience of the parties and witnesses for purposes of §1404(a), the Court considers the following factors: the plaintiff's choice of forum; the site of material events; the relative ease of access to sources of proof in each forum; the convenience of the witnesses; and the convenience of the parties of litigating in the respective forum. Brandon Apparel Grp., Inc. v. Quitman Mfg. Co. Inc., 42 F. Supp. 2d 821, 833 (N.D. Ill. 1999). Plaintiff's choice of forum "should not be lightly set aside." Chicago, R. I. & P. R. Co. v. Igoe, 220 F.2d 299, 302 (7th Cir. 1955). However, when the plaintiff's chosen forum is his or her home forum, the Court gives it less deference. Ruppert v. Principal Life Ins. Co., No. 06-CV-903-DRH, 2007 WL 2025233, at *5 (S.D. Ill. July 9, 2007).

Here, Plaintiff has chosen this district as the forum, but he resides in Fairmount, Illinois, which is within the central district. The material events took place in in Champaign, Illinois – also within the central district. Although Plaintiff notes that there were no eyewitnesses to the accident, Defendant argues that all *potential* occurrence witnesses, including Defendant's employee, Stuart Lambert, who inspected the alleged defective caboose following the accident,

resides in the central district.

Defendant has identified eleven physicians and nurses who have information relevant to the case and who reside in the central district. Conversely, Plaintiff has identified twenty-one physicians and medical witnesses based in and around St. Louis, MO, including Plaintiff's spinal surgeon, Dr. Brett Taylor, who intends to testify live only if the case remains in the southern district (Doc. 19-1). However, an after-the-fact selection of medical providers that do not reside in either district is far from controlling. *See* Bailey v. Union Pac. R. Co., 364 F. Supp. 2d 1227, 1232 (D. Colo. 2005).

The convenience of the parties also weighs in favor of the central district as Plaintiff resides within that district and Defendant is headquartered in Homewood, Illinois, which is closer to the central district. Although the Court gives some degree of deference to Plaintiff's choice of forum, it is apparent that this litigation has little or no connection to this district. As such, the location of the occurrence and the convenience of the parties and witnesses weigh heavily in favor of transferring the case to the central district.

"The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." Research Automation, Inc., 626 F.3d at 978. The Court takes into consideration how quickly the case will proceed to trial in each venue; familiarity with the law at issue in the case; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy. Research Automation, Inc., 626 F.3d at 978.

Obviously, both district courts have equal knowledge of the law under the Federal Employers' Liability Act. That said, it is clear that the central district has a greater interest in resolving the case. The incident took place in the central district and the parties and most of Defendant's employees are located in the central district. Though cases tend to proceed to trial

eleven months sooner in this court than in the central district,[1] in light of the other relevant factors, that factor alone is insufficient to tip the scales in favor of the case proceeding here. Accordingly, Defendant's motion is granted and **the Clerk of Court is DIRECTED** to transfer this case to the United States District Court for the Central District of Illinois for further proceedings.

**IT IS SO ORDERED.**

**DATED: April 28, 2017**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**

---

[1] *See* http://www.uscourts.gov/file/20339/download, (last visited April 21, 2017). In the Central District of Illinois, 33 months is the median time interval for a civil trial. The median time interval for a civil trial in the Southern District of Illinois is 22 months.